UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABET LIFE, INC., | § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION H-20-1169 |
| SECRETARY ALEX M AZAR II | | |
| *Defendant*. | | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Abet Life, Inc.'s ("Abet Life") motion for a temporary restraining order ("TRO") against defendant Secretary Alex M. Azar II ("Government") (Dkt. 7) and the Government's motion to dismiss for lack of subject matter jurisdiction. The Government responded to the TRO (Dkt. 13), Abet Life replied (Dkt. 14). Abet Life has not responded to the Government's motion. The court considered the TRO, evidentiary record, and the applicable law. However after reviewing the complaint (Dkt. 1) and applicable law, the court finds it lacks subject matter jurisdiction. Abet Life's claims must be **DISMISSED**.

### I. BACKGROUND

Abet Life is a Medicare home healthcare provider. Dkt. 1 at 11. On March 17, 2020, the Government informed Abet Life that it had received a credible allegation of fraud, and pursuant to 42 C.F.R. § 405.371(a)(2), all Medicare payments would be suspended while the Government investigated these allegations. *Id.* at 12. Abet Life provided a rebuttal statement to the Government on March 27, 2020, thereby initiating the administrative review process under the Medicare Act. *Id.* at 15. The Government responded to Abet Life's rebuttal statement on April 28, 2020, and affirmed its decision to suspend Medicare payments to Abet Life. Dkt. 10-3.

On April 1, 2020, Abet Life filed this suit claiming the Medicare payment suspension violated its procedural due process rights under the U.S. Constitution and seeking an injunction preventing the Government from suspending Medicare payments to Abet Life during the Government's fraud investigation. *Id.* at 16-17, 20.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). This court has an ongoing duty to examine its own subject-matter jurisdiction. *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996) ("Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## III. ANALYSIS

Abet Life seeks to enjoin the Government from withholding Medicare payments. "Medicare cases usually are excluded from the general grant of federal-question jurisdiction in 28 U.S.C. § 1331 absent exhaustion of the agency appeals." *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500 n.4 (5th Cir. 2018). "The Medicare act severely restricts the authority of federal courts by requiring 'virtually all legal attacks under the Act be brought through the agency.'" *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 653 (5th Cir. 2012) (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)). "By statute, claims under Medicare must first be presented to the HHS Secretary." *Id.*

Nonetheless, claims may be brought before the court under the Medicare Act if (1) there has been a presentment to the Secretary; and (2) the claimant has exhausted his administrative review. *Affiliated Prof'l Home Health Care agency v. Shalala*, 164 F.3d 282, 284 (5th Cir. 1999). While presentment to the Secretary may never be waived, a plaintiff need not exhaust his administrative review if "(a) the claims are entirely collateral to a substantive agency decision, and (b) full relief cannot be obtained at a post-deprivation hearing." *Family Rehab.*, 886 F.3d at 501) (internal quotations omitted). This includes challenges to Medicare payment suspensions based on "credible allegations of fraud" pursuant to 42 C.F.R. § 405.371(a)(2). *See True Health Diagnostics, LLC v. Azar*, 392 F. Supp. 3d 656 (E.D. Tex. 2019).

In *True Health Diagnostics*, like here, a Medicare provider challenged a 42 C.F.R. § 405.371(a)(2) Medicare payment suspension as a violation of procedural due process. *Id.* at 659-60. After a thorough discussion of the Medicare Act, its administrative procedures and remedies, and the narrow grant for judicial review, the district court decided that the dispute was not properly before the court. The court reasoned that the plaintiff's claims were not wholly collateral to a substantive agency decision because the claim directly challenged the Government's decision to suspend payment pending its fraud investigation. *Id.* at 663-64. Thus, the court lacked subject matter jurisdiction, and the claims were dismissed. *Id.* at 665-66.

Like the plaintiff in *True Health Diagnostics*, Abet Life asks for the Government's Medicare payment suspension to be lifted before Abet Life pursues the full administrative procedures available to it. *See* Dkt. 1. But Abet Life's claims also are non-collateral to a substantive agency decision, so it cannot waive the exhaustion requirement. *See True Health Diagnostics*, 392 F. Supp. 3d at 663-64; *see also Family Rehab.*, 886 F.3d at 501. Therefore, this court lacks subject matter jurisdiction to hear Abet Life's claims.

## IV. CONCLUSION

For the foregoing reasons, the court finds that it lacks subject matter jurisdiction in this matter, and Abet Life's complaint (Dkt. 1) is **DISMISSED**.

Signed at Houston, Texas on June 26, 2020.

_____
Gray H. Miller
Senior United States District Judge